**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

JUL 1 9 2024

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHARLOTTE HARRIS**                                            **PLAINTIFF**

v.                          Case No. 4:24-CV-602-BRW

**CITY OF LITTLE ROCK**                                         **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Charlotte Harris, by and through her attorney Chris Burks of WH LAW, for

her Original Complaint against City of Little Rock, she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.      Plaintiff brings this action against the Defendant for violation under Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000(e)2 ("Title VII"), Age Discrimination

in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623, and the Arkansas Civil Rights Act, Ark.

Code Ann. § 16-123-101, et seq. ("ACRA") for declaratory judgment, monetary damages,

liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a

result of Defendant's discriminatory actions toward Plaintiff, resulting in Defendant failing to hire

Plaintiff for positions she was qualified to fill.

2.      Plaintiff received inequitable treatment and adverse employment actions as a result

of her race, which is Black, and her age, which is 54 years old.

3.      Upon information and belief, Defendant has willfully and intentionally committed

violations of Title VII, ADEA, and ACRA, as described, *infra*.

### II. JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Arkansas has subject

This case assigned to District Judge Wilson
and to Magistrate Judge Kearney

matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the Title VII and ADEA.

5.      Plaintiff's claims under ACRA form part of the same case or controversy and arise out of the same facts as Title VII claims alleged in this Complaint.

6.      Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

7.      The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.      Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9.      The witnesses to Title VII, ADEA, and ACRA violations alleged in this Complaint reside in this District.

### III. THE PARTIES

10.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11.      Plaintiff is a resident and citizen of Pulaski County, Arkansas.

12.      Plaintiff Charlotte Harris was hired by Defendant in July 2022.

13.      Defendant denied Plaintiff positions she applied to in 2023, instead hiring less qualified, younger, and non-Black candidates.

14.      At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under Title VII, ADEA, and ACRA.

15.  Defendant City of Little Rock is a municipality that can be served through its agent for service, Acting City Manager Emily Cox, at 500 W Markham, Room 203, Little Rock, AR 72201.

16.  Defendant City of Little Rock is an "employer" within the meanings set forth in Title VII, ADEA, and ACRA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

## IV.  FACTUAL ALLEGATIONS

17.  Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

18.  Plaintiff was hired by Defendant in a temporary Procurement Support Specialist position on July 19, 2022.

19.  Plaintiff is a 54-year old Black female who holds a Bachelor's degree and a Master of Business Administration (MBA). She has thirty-one years of experience in business administrative positions.

20.  In 2022 and 2023, Plaintiff applied for permanent positions with the Defendant, including positions in the Procurement department.

21.  On or about March 3, 2023, Plaintiff applied for a position as Assistant Procurement Manager.

22.  On or about May 18, 2023, Defendant hired a younger white female, who applied after the Plaintiff, for this position. This candidate had less experience than Plaintiff and had only recently completed her graduate degree at the time she was hired. She received an increase in salary as a result of her promotion.

23.     In April 2023, Plaintiff applied for a position as a Procurement Data Analyst. Plaintiff was not hired for this position.

24.     The Procurement Manager initially denied Plaintiff an interview for this position, even though Plaintiff had worked for Defendant for several months and met all the qualifications for this position.

25.     Defendant hired a younger, less-qualified, less-educated Black female for this position, which paid a higher salary than Plaintiff's then-position as temporary Procurement Support Specialist.

26.     In June 2023, Defendant hired a younger Black female for a Senior Procurement Analyst position. This candidate had started working for the City in the Procurement Division in September 2022, also as a temporary employee. She had a shorter tenure than Plaintiff, and her work history and educational background were less favorable than the Plaintiff's, yet she was offered an opportunity to apply and be interviewed for a Senior Analyst position, and was ultimately promoted and received an increase in salary.

27.     On or about August 9, 2023, Plaintiff was offered and accepted a full-time permanent position as an Accounts Payable Clerk II for the Defendant.

28.     However, Plaintiff's salary in the Accounting Clerk position is less than the salary she would have received had she been hired for the Procurement Data Analyst, Senior Procurement Analyst, or Assistant Procurement manager positions.

29.     In October 2023, Defendant hired a younger white female in the Senior Procurement Analyst position. This candidate was previously employed by the Defendant in another department as an Administrative Assistant, and she had recently graduated in June 2023.

30.     Plaintiff was denied positions that she was qualified to fill, specifically the positions as Procurement Analyst, Assistant Procurement Manager, and Senior Procurement Analyst.

31.     Defendant hired less-experienced, less-educated, and less-tenured younger Black candidates to fill the Procurement Data Analyst and first Senior Procurement Analyst positions.

32.     Defendant hired a less-experienced younger white candidate to fill the Assistant Procurement Manager position and the second Senior Procurement Analyst position.

33.     As a result, Plaintiff was disparately treated in comparison to younger and non-Black candidates.

34.     The denials of these positions qualify as an adverse action because Plaintiff would have received an increase in salary and a promotion if she had been hired.

35.     Additionally, prior to Plaintiff's acceptance of a full-time permanent position with Defendant on August 9, 2023, Plaintiff was employed in a temporary position and did not receive benefits.

36.     Even though Plaintiff was ultimately hired in a different full-time position with Defendant, the salary she receives is less than she would have received if she had been hired in one of the Procurement positions she applied to and was qualified to fill.

37.     If Plaintiff had been hired in one of the positions she had applied to and was qualified to fill in the Procurement department, she would have also received benefits, which she did not receive in her temporary position.

## V.     FIRST CLAIM FOR RELIEF – Title VII Claims

38.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

39.  Plaintiff filed a timely charge with the EEOC, received a right to sue letter, and thus exhausted her administrative remedies.

40.  Defendant engaged in unlawful employment practices at their facility in Little Rock, Arkansas, in violation of 42 U.S. Code §2000e-2.

41.  Specifically, and as detailed above, Plaintiff, who is Black, was denied a promotional position as a result of ongoing racial discrimination.

42.  Defendant employs white individuals who were not subject to the same treatment that Plaintiff experienced during her employment.

43.  Specifically, Defendant hired a less-qualified white candidate to fill a promotional position that Plaintiff had applied to and was qualified to fill.

44.  As a result, Plaintiff was treated disparately from Defendant's white employees.

45.  At all relevant times, Plaintiff could perform the essential functions of the positions she applied to.

46.  However, Plaintiff was denied promotional positions within the relevant statutory period.

47.  The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race.

48.  The unlawful employment practices complained of above were and are intentional.

49.  The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

50. Pursuant to Title VII of the 1964 Civil Rights Act, as amended, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of Title VII, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of Title VII.

## VI.   SECOND CLAIM FOR RELIEF – ADEA Claims

51. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

52. Plaintiff filed a timely charge with the EEOC, received a right to sue letter, and thus exhausted her administrative remedies.

53. Defendant engaged in unlawful employment practices at their facility in Little Rock, Arkansas, in violation of the Age Discrimination in Employment Act of 1967.

54. Specifically, and as detailed above, Plaintiff, who is 54 years old, was denied positions she applied to as a result of age discrimination.

55. Defendant employs younger individuals who were not subject to the same treatment that Plaintiff experienced during her employment.

56. Plaintiff applied to promotional positions that she was qualified to fill.

57. Instead of hiring Plaintiff, Defendant hired younger, less-qualified, and less-educated younger candidates.

58. As a result, Plaintiff was treated disparately from Defendant's younger employees.

59.    At all relevant times, Plaintiff could perform the essential functions of the positions she applied to.

60.    However, Plaintiff was denied promotional positions within the relevant statutory period.

61.    The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her age.

62.    The unlawful employment practices complained of above were and are intentional.

63.    The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

64.    Pursuant to Age Discrimination in Employment Act of 1967, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of ADEA, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ADEA.

## VII.    THIRD CLAIM FOR RELIEF – ACRA Claims

65.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

66.    Plaintiff has timely filed a charge with the EEOC, received a right to sue letter, and has thus exhausted her administrative remedies.

67.     Defendant engaged in unlawful employment practices at their facility in Little Rock, Arkansas, in violation of Ark. Code Ann. §§ 16-123-101, *et seq.*

68.     Specifically, and as detailed above, Plaintiff, who is Black, was denied a promotional position as a result of ongoing racial discrimination.

69.     Defendant employs white employees who were not subject to the same treatment that Plaintiff experienced during her employment.

70.     Specifically, Defendant hired a less-qualified white candidate to fill a promotional position that Plaintiff had applied to and was qualified to fill.

71.     As a result, Plaintiff was treated disparately from Defendant's white employees.

72.     At all relevant times, Plaintiff could perform the essential functions of the positions she applied to.

73.     However, Plaintiff was denied promotional positions within the relevant statutory period.

74.     The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, which is Black.

75.     The unlawful employment practices complained of above were and are intentional.

76.     The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

77.     Pursuant to Arkansas Civil Rights Act, as amended, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's

violations of ACRA, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ACRA.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Charlotte Harris respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) A declaratory judgment that Defendant's practices violate Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 2000(e)-2 and the related regulations;

(B) A declaratory judgment that Defendant's practices violate the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.* and the related regulations;

(C) A declaratory judgment that Defendant's practices violate Age Discrimination in Employment Act of 1967 and the related regulations;

(D) Judgment for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S. Code §2000(e)-2, *et seq.* for all compensation, compensatory, and punitive damages owed to Plaintiff;

(E) Judgment for damages pursuant to Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.*, for all compensation owed Plaintiff for back pay and associated interest and fees;

(F) Judgment for damages pursuant to Age Discrimination in Employment Act of 1967, for all compensation, compensatory, and punitive damages owed to Plaintiff;

(G) An order directing Defendant to pay compensatory and punitive damages to Plaintiff along with pre-judgment interest, reasonable attorney's fees, and all costs connected to this action;

(H)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Charlotte Harris, PLAINTIFF**

WH Law
North Little Rock Office
501.888.4357

By:     Chris Burks (ABN: 2010207)
chris@wh.law

Mailing Address:
1 Riverfront Place, Suite 745
North Little Rock, AR 72114