IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHARLOTTE HARRIS                                                                        PLAINTIFF

v.                                              4:24-cv-00602-JM

CITY OF LITTLE ROCK                                                                    DEFENDANT

ORDER

This employment discrimination case was filed in July of 2024. On November 1, 2024, a Final Scheduling Order was entered setting this matter for trial on October 15, 2025. Plaintiff is represented by attorney Chris Burks and, as of July 8, 2025, Elizabeth Rogers.

On July 11, 2025, the Court denied the parties' joint motion to continue the trial date and reschedule the pre-trial deadlines. Today, counsel for Ms. Harris have filed a motion to withdraw from representing her (Doc. No. 16). Also today Ms. Harris filed a corresponding motion to relieve her current counsel (Doc. No. 18). These motions are granted. As of the filing of this order, Ms. Harris is proceeding pro se.

Ms. Harris's motion to proceed in forma pauperis (Doc. No. 17) is denied without prejudice to refiling. The filing fee has already been paid and service on the Defendant has been obtained.

Ms. Harris's motion for appointment of counsel (Doc. Nos. 18, 20) is denied. Pro se litigants do not have a constitutional or statutory right to appointment of counsel in civil cases. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). The Court appreciates that Ms. Harris has been unsuccessful in her attempts to independently obtain counsel; however, at this stage of the litigation it is not apparent that the litigation will be so complex that she cannot adequately represent herself.

Ms. Harris is required to be familiar and comply with the Federal Rules of Civil

Procedure as well as the Local Rules of this Court.[1] Local Rule 5.5(c)(2) instructs *pro se* parties that it is their responsibility to notify the Clerk and other parties of any change in address, to monitor the progress of the case, and to prosecute or defend the action diligently. *Pro se* parties, those representing themselves without an attorney, should sign all pleadings and include their address and telephone number with the signature. If any communication from the Court to a *pro se* party is not responded to within fourteen days, the <u>Court may dismiss the case for failure to prosecute</u>.

THEREFORE,

Ms. Harris's motion to have her counsel relieved from representing her and their corresponding request to be allowed to withdraw (Doc. Nos. 16 and 18) are GRANTED.

Plaintiff's motion to proceed in forma pauperis (Doc. No. 17) and for appointment of counsel (Doc. Nos. 18, 20) are DENIED.

The Clerk is directed to enter Ms. Harris's contact information as relayed by her counsel in Document No. 16 and to email her a copy of this order.

This order does not alter the trial date or the pre-trial deadlines.

IT IS SO ORDERED THIS this 14th day of July, 2025.

_____
UNITED STATES DISTRICT JUDGE

---

[1] These rules are available online at http://www.uscourts.gov/rules-policies/current-rules-practice-procedure and http://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.